| U.S. Bank N.A. v Naaze |
| :---: |
| 2025 NY Slip Op 31623(U) |
| April 28, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 505810/19 |
| Judge: Cenceria P. Edwards |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part FRP-1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the _28____ day of April, 2025.

P R E S E N T :

HON. CENCERIA EDWARDS,

Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST SERIES 2007-2, MORTGAGE PASS-THROUGH CERTIFICATES,

Plaintiff,

- against -                                        Index No. 505810/19

MATTHEW NAAZE; GREGORY G. HUFF; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; CRIMINAL COURT OF THE CITY OF NEW YORK,

"JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons, or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| The following e-filed papers read herein: | NYSCEF Doc Nos. | | |
|---|---|---|---|
| Notice of Motion/Order to Show Cause/Cross Motion and Affidavits (Affirmations) | 26-28, 30-43 | 46-63 | 65 |
| Opposing Affidavits (Affirmations) | 47-63 | 65 | 68-72 |
| Reply Affidavits (Affirmations) | 16-18, 65 | 68-72 | 74-77 |

Upon the foregoing papers in this action to foreclose a mortgage encumbering the two-family residential property at 843 Willoughby Avenue in Brooklyn (Block 1590, Lot 32) (Property), plaintiff U.S. Bank National Association as Trustee for Deutsche ALT-A

[* 1]

Securities Mortgage Loan Trust Series 2007-2, Mortgage Pass-Through Certificates (US Bank or Plaintiff) moves (in motion sequence [mot. seq.] one) for an order: (1) appointing a referee to compute the amount due to Plaintiff, examine whether the Property may be sold in parcels and make his/her computation and report, pursuant to RPAPL § 1321; (2) amending the caption to add Abdul "Doe", Majid "Doe", Mohammed "Doe", Hanya "Doe", Haj "Doe" and Alexis "Doe," tenants residing at the Property, as party defendants, pursuant to RPAPL § 1311; and (3) granting it a default judgment against all non-appearing and non-answering defendants, pursuant to CPLR 3215 (NYSCEF Doc No. 26).

Defendant Gregory G. Huff (Huff or Defendant) cross-moves (in mot. seq. two) for an order, pursuant to CPLR 3211 (a) (8), dismissing this action as against him for lack of personal jurisdiction (NYSCEF Doc No. 46).

US Bank also cross-moves (in mot. seq. three) for an order: (1) extending the time within which to serve Huff with process, pursuant to CPLR 305, 306-b and 2004, and (2) permitting it to serve Huff's defense counsel with process, pursuant to CPLR 2103 (NYSCEF Doc No. 65).

## **Background**

On March 18, 2019, US Bank commenced this foreclosure action by e-filing a summons, an unverified complaint and a notice of pendency against the Property (NYSCEF Doc Nos. 1 and 3).

US Bank's affidavit of service in the record states that on April 1, 2019, US Bank's process server served Huff at the first floor of the Property by delivering the documents to

2

[* 2]

Alexis "Doe," a purported "co-occupant" and a person of suitable age and discretion, and by subsequently mailing the summons, complaint and other papers on April 2, 2019, to Huff at the Property (NYSCEF Doc No. 19).

None of the defendants answered the complaint or otherwise appeared in the action.

### US Bank's Instant Motion for an Order of Reference and a Default Judgment

On September 11, 2019, US Bank moved for an order of reference, a default judgment against all non-appearing and non-answering defendants, including Huff, and to amend the caption to substitute the tenants at the Property for the John Doe defendants (NYSCEF Doc No. 26).

US Bank submits an affidavit from Cynthia Wallace (Wallace) of Specialized loan Servicing LLC (SLS), the purported servicer of the subject mortgage loan,[1] which is based on her review of SLS's business records (NYSCEF Doc No. 41 at ¶¶ 1-3). Wallace attests that "[t]o the extent that the business records of the loan in this matter were created by a prior servicer, the prior servicer's records for the loan were integrated and boarded into SLS's systems . . ." (*id.* at ¶ 4).

Wallace submits copies of the note and the mortgage (*id.* at ¶¶ 5 and 7; *see also* NYSCEF Doc Nos. 31 and 32). Without providing a copy of the payment history of the loan and without referencing any particular business records, Wallace generally attests that

---

[1] Notably, US Bank and SLS fail to submit a copy of their servicing agreement or any other documentation evidencing that SLS is authorized to act and speak on US Bank's behalf.

[* 3]

"Defendant failed to comply with the terms of the Note and Mortgage by failing to make the payment due June 01, 2008 and all subsequent payment" (*id.* at ¶ 9).

### *Huff's Pre-Answer Dismissal Motion*

On November 25, 2019, Huff moved for an order, pursuant to CPLR 3211 (a) (8), dismissing the complaint for lack of personal jurisdiction (NYSCEF Doc No. 46). Huff submits an affidavit attesting that by a September 11, 2013 deed from the borrower, Matthew Naaze, he became the fee owner of the Property (NYSCEF Doc No. 48 at ¶ 3). Huff references US Bank's affidavit of service in the record, and attests that:

> "I was never served with process in this action, nor do I know any individual named 'Alexis Doe', nor did any such individual provide me with any copies of the summons and complaint. Nor does the physical description of 'Alexis Doe' match the physical description of the occupants of the first floor unit.
>
> "Contrary to [the process server's] assertions, the Premises is not my actual residence as I have never resided at the Premises. Nor is the Premises my actual place of business or usual place of abode. In 2019, I have not been to the Premises on even a single occasion.
>
> "On April 1, 2019, the date of the purported service of process, I resided at 349 Nostrand Avenue, Apt. IB, Brooklyn, NY, along with my girlfriend, Venus Vasquez, and our children" (*id.* at ¶¶ 6-8).

Huff submits a copy of his New York State Driver's license issued on October 23, 2017, with another address in Schenectady New York (*id.* at ¶ 9 and NYSCEF Doc No. 52). Huff claims that Plaintiff "has actual knowledge that I do not reside at the Premises yet nevertheless proceeded with its 'gutter' service" since US Bank attempted to serve him at

4

[* 4]

the Property in a prior 2014 foreclosure action and ultimately requested substitute service, since its process server previously confirmed that Huff did not reside at the Property (NYSCEF Doc No. 48 at ¶¶ 10-13 and NYSCEF Doc No. 55).

Huff also submits an affidavit from Abdul Patwary (Patwary), who attests that he and his wife, Anowara Begum, have continuously resided on the first floor of the Property since 2007 and "at no point has Mr. Gregory G. Huff resided at the Premises with us" (NYSCEF Doc No. 49 at ¶ 2). Patwary attests that he told US Bank's process server that Huff did not reside at the Property when they tried to serve Huff at the Property in 2014 (*id.*). Patwary further attests that contrary to US Bank's affidavit of service, he was home with his wife at the time of the alleged service upon Huff, and nobody named "Alexis" was on the first floor of the Property (*id.* at ¶ 4).

Defense counsel submits an affirmation asserting that "Defendant's cross-motion to dismiss the complaint must be granted as Plaintiff's attempt to effectuate substitute service over him at the mortgage premises failed, as a matter of law, because the Defendant never resided at the premises" (NYSCEF Doc No. 47 at ¶ 3). Defense counsel asserts that "[t]he fact that Defendant Huff does not reside at the Premises has, at all relevant times, been known to Plaintiff, and its counsel, yet Plaintiff nevertheless inexplicably proceeded to attempt to serve him at the Premises" (*id.* at ¶ 34).

Defense counsel also argues that Plaintiff's motion for an order of reference and a default judgment must be denied because "Plaintiff failed to make a prima facie showing of entitlement to default judgment, as Plaintiff failed to submit proof of default and also

5

[* 5]

failed to submit an affidavit from an individual authorized to act on behalf of Plaintiff" (*id.* at ¶ 4). Defense counsel asserts that "Plaintiff relies exclusively upon the Wallace Affidavit to demonstrate a default due under the terms of the Note and Mortgage, and the amount due" and "[a]s no evidence, such as a power of attorney, has been submitted demonstrating that Ms. Wallace is authorized to act on behalf of the Plaintiff, the Wallace Affidavit is without probative value and must be disregarded" (*id.* at ¶ 40). Defense counsel also asserts that the Wallace affidavit is inadmissible hearsay, since it is not supported by the payment history of the loan or any business records other than "a conclusory default notice dated November 9, 2018 and a RPAPL § 1304 notice bearing the same date" (*id.* at ¶ 46).

### *US Bank's Opposition, Cross-Motion and Reply*

On January 31, 2020, US Bank cross-moved for an order extending its time within which to serve Huff, pursuant to CPLR 305, 306-b and 2004, and to serve Huff's defense counsel, pursuant to CPLR 2103 (NYSCEF Doc No. 65).

Plaintiff submits an attorney affirmation asserting that Huff's cross-motion must be denied because "it rests on bald and conclusory allegations . . ." and Huff "waived a personal jurisdiction defense by conflating it with a defense on the merits" (*id.* [Moore Affirmation] at ¶ 4 at page 4). US Bank's counsel further asserts that "service [up]on Defendant should be deemed effective *nunc pro tunc* upon Defendant's attorney" since Huff "has been evading service for years . . ." (*id.* at ¶ 6).

6

[* 6]

## Discussion

CPLR 306-b directs that:

> "[s]ervice of the summons and complaint . . . shall be made within one hundred twenty days after the commencement of the action or proceeding. . . . If service is not made upon a defendant within the time provided in this section, the court, upon motion, *shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice*, extend the time for service." (emphasis added).

"CPLR 306-b permits a court, in the exercise of its discretion, to extend the time to serve process upon good cause shown or in the interest of justice" (*DeMartino v Harris*, 167 AD3d 568, 569 [2d Dept 2018]). "The interest of justice standard requires a court to carefully analyze the factual setting of the case and to balance the competing interests presented by the parties" including "the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (*PNC Bank, Nat'l Ass'n v Sarfaty*, 225 AD3d 721, 722 [2d Dept 2024]).

Here, US Bank's 2019 service of process upon Huff at the Property is suspect given the fact that Patwary, the resident on the first floor of the Property, advised US Bank's process server that Huff did not reside at the Property when service was attempted in 2014. Patwary attests that Huff has never resided on the first floor of the Property since he began living there with his wife in 2007. Additionally, Huff submits an affidavit attesting that on April 1, 2019, the date of the purported service at the Property, he resided at 349 Nostrand Avenue, Apt. IB in Brooklyn with his girlfriend and their children. US Bank seemingly acknowledges that service of process upon Huff was ineffective on April 1, 2019, since it

7

[* 7]

now cross-moves for an extension of time within which to serve Huff. Given that this foreclosure action is in its early stages, and the fact that US Bank cross-moved for an extension of time within which to serve Huff in direct response to Huff's dismissal cross-motion, an extension for service upon Huff is warranted in the interest if justice so that this action may be determined on the merits. Accordingly, it is hereby

**ORDERED** that US Bank's motion (mot. seq. one) is denied without prejudice and with leave to renew upon proper papers after Huff is served with process; and it is further

**ORDERED** that Huff's cross-motion (mot. seq. two) to dismiss the complaint for lack of personal jurisdiction, pursuant to CPLR 3211 (a) (8), is denied as moot; and it is further

**ORDERED** that US Bank's cross-motion (mot. seq. three) for an extension of time within which to serve Huff with process is granted, pursuant to CPLR 306-b, and Plaintiff shall serve Huff with process, pursuant to CPLR 308, within 60 days after service of this decision and order with notice of entry thereof; the cross-motion is otherwise denied.

This constitutes the decision and order of the court.

E N T E R,

_____

Cenceria P. Edwards, J. S. C., CPA

8

[* 8]